UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES P. CULLEN, III, et al.,

             Plaintiffs

    v.

DABIN TRUCKING, INC., et al.,

             Defendants

CIVIL ACTION NO. 3:15-CV-140

(MEHALCHICK, M.J.)

## MEMORANDUM OPINION

### I.  BACKGROUND

This matter was initiated by Plaintiffs on January 21, 2015. After extending case management deadlines on more than one occasion, the deadline for discovery was set for June 15, 2016. During the course of this litigation, Defendant Phillip Saul failed to participate in any discovery, and indeed, despite being ordered to do so by this Court (Doc. 32), failed to appear at his deposition, scheduled for January 28, 2016. Based on his failure to appear for his deposition, Plaintiffs moved for sanctions (Doc. 40), wherein they seek (1) an order by this Court precluding Defendants from asserting as a defense that any other person or entities, included in this action or not, were negligent or caused the injuries suffered by the Plaintiff; (2) a jury instruction that, as a matter of law, Defendants Phillip J. Saul and Dabin Trucking acted negligently; and (3) a jury instruction that, as a matter of law, Defendants Phillip J. Saul and Dabin Trucking acted with reckless indifference toward Plaintiffs. Defendants filed a brief in opposition (Doc. 47) to Plaintiffs' motion, and Plaintiffs filed a reply brief (Doc. 50). This matter is ripe for disposition.

## II.   DISCUSSION

Sanctions are appropriate when a party, after being served with proper notice, fails to appear for a deposition. Fed.R.Civ.P. 37(d) (1)(A). Failure to appear "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order...." Fed.R.Civ.P. 37(d)(2). Specifically, Federal Rule of Civil Procedure 37(d) states as follows:

> **(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**
>
> **(1) In General.**
>
> (A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
>
> (i) a party or a party's officer, director, or managing agent-or a person designated under Rule 30(b)(6) or 31(a)(4)-fails, after being served with proper notice, to appear for that person's deposition; or
>
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>
> (B) *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.
>
> **(2) Unacceptable Excuse for Failing to Act.** A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).
>
> **(3) Types of Sanctions.** Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.
>
> Fed.R.Civ.P. 37(d).

Case 3:15-cv-00140-KM   Document 52   Filed 12/21/16   Page 3 of 7

The orders that may be included as sanctions under subsection (b)(2)(A) of Rule 37 are (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed.R.Civ.P. 37(b)(2)(A).

"It is well settled that a court has discretion to issue sanctions for failure to comply with discovery orders." *Ali v. Sims*, 788 F.2d 954, 957 (3d Cir. 1986). But where the proposed sanctions include dismissal with prejudice, entry of default judgment, or the preclusion of claims or defenses, the exercise of that discretion is governed by six factors originally enumerated by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *Knoll v. City of Allentown*, 707 F.3d 406, 409–10 (3d Cir. 2013). These factors are:

> (1) the extent of the *party*'s personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal[, default judgment, or preclusion of claims or defenses], which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis*, 747 F.2d at 868.

The Court has considered each of the six *Poulis* factors, and will grant in part and deny in part Plaintiffs' motion.

- 3 -

## A. DEFENDANT PHILLIP J. SAUL

An analysis of the *Poulis* factors with regards to Defendant Saul weighs in favor of an award of sanctions, and for that reason, the Court will grant, in part, Plaintiffs' motion for sanctions, and preclude Defendant Saul from presenting any evidence or testimony at the time of trial that has not previously been disclosed in discovery.

First, as to the first factor, the extent of the party's responsibility, nothing before this Court indicates that Defendant Saul's failure to appear for deposition or otherwise participate in discovery is due to any other party or individual's actions or inactions. Defendant Saul's failure to appear is solely his responsibility. The Court finds, therefore, that this factor weighs in favor of granting sanctions against Defendant Saul.

With regard to the second factor, prejudice occurs when a party's failure to participate in discovery burdens his opponent's ability to prepare for trial. *Thorpe v. Wilmington Hous. Auth.*, 262 F.R.D. 421, 423 (D. Del. 2009); *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222–23 (3d Cir.2003). Defendant Saul has failed to respond to discovery requests and repeated failed to attend his deposition, even when ordered by this Court, and that this severely impedes Plaintiffs' ability to prepare a trial strategy. Furthermore, the costs and time wasted in scheduling unattended depositions is prejudicial for the purposes of the second *Poulis* factor. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir.1988). This factor weighs in favor of sanctions.

As to the third factor, Defendant Saul's repeated failure to respond to discovery and appear for his scheduled depositions and his failure to pursue any relief or protection from the District Court establishes a pattern of dilatory conduct. *See Huertas*, 139 Fed.Appx. at 446 (*citing Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874–75 (3d Cir.1994)). This factor weighs in favor of sanctions.

As to the fourth factor, the Third Circuit has held that willfulness involves "strategic," "intentional or self-serving behavior." *Kibbie v. Experian*, 3:08–CV–1804, 2010 WL 4643875 (M.D.Pa. Nov.9, 2010); *citing Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir.1994). Mere "inexcusable negligent behavior" is not willful. *Kibbie v. Experian*, 2010 WL 4643875. The Court finds that this factor does not weigh in favor of sanctions. While the Court generally finds that the complete disregard of the notice of the deposition and the subsequent court order directing the deposition to be willful and in bad faith, the Court notes that there is nothing before it that reflects that Defendant Saul ever actually received any notice of the same and therefore is hard-pressed to make a finding of willfulness or bad faith.

The fifth factor to be considered by the Court is the effectiveness of sanctions other than dismissal. The Court notes that the preclusion of a liability defense by Defendant Saul, or the jury instructions sought by the Plaintiffs, are essentially seeking judgment in Plaintiffs' favor as a matter of law. There is a strong presumption against sanctions that decide the issues of a case. *See Ali v. Sims*, 788 F.2d 954, 958 (3d Cir. 1986); *quoting Poulis*, 747 F.2d at 861-68 (although sanctions are a necessary part of any court system ... dismissals with prejudice or defaults are drastic sanctions, termed "extreme" by the Supreme Court) (citations omitted). Despite Defendant Saul's total failure to attend his deposition or otherwise participate in discovery, the Court does not find the entry of judgment in Plaintiffs' favor appropriate at this juncture, and will decline to grant Plaintiffs' requested jury instructions at this time or finding of liability at this time. *See Ali v. Sims*, 788 F.2d at 958; *In re MacMeekin*, 722 F.2d 32, 35 (3d Cir.1983). However, Defendant Saul will be precluded from presenting any evidence or testimony at trial not previously disclosed during the course of discovery. Additionally, nothing in this Court's ruling precludes Plaintiffs from seeking judgment as a matter of law at the time of trial.

Finally, with regard to the sixth factor, the meritoriousness of the claims at stake here, the Court does not have the benefit of a motion for summary judgment before it, and is unable to make a determination as to the merits of Plaintiffs' claims. Therefore, the Court finds that this factor weighs against sanctions. *Moeck v. Pleasant Valley Sch. Dist.*, No. 3:13-CV-1305, 2014 WL 4446679, at *5 (M.D. Pa. Sept. 10, 2014).

Having considered Plaintiffs' motion, and having analyzed the *Poulis* factors, the Court will grant Plaintiffs' motion in part, and preclude Defendant Saul from presenting any evidence or testimony at the time of trial that has not previously been disclosed in discovery. The Court will not, at this time, grant Plaintiffs' request for jury instructions.

## B. DEFENDANT DABIN TRUCKING, INC.

The crux of Plaintiffs' motion for sanctions as to Defendant Dabin Trucking, Inc., appears to focus solely on the conduct of Michael Verdon during his January 13, 2016 deposition. Specifically, Plaintiffs state that Mr. Verdon would not answer questions regarding a denial of an application by Dabin Trucking to operate in New York City, and further that he threatened to walk out of the deposition if questions were asked regarding that denial and report. Plaintiffs also dispute Defendants' assertion that Dabin Trucking has not operated as a business since September 2014. The Court does not find any basis for the imposition of sanctions against Dabin Trucking. Initially, the Court notes that sanctions for failure to appear for deposition authorized by federal rule apply only when deponent literally fails to appear for deposition session, as distinct from when deponent refuses to answer specific questions. *See, R.W. Intern. Corp. v. Welch Foods, Inc.*, 937 F.2d 11 (1ˢᵗ Cir. 1991), *rehearing denied, on remand.* Further, while there may be disputed facts and credibility issues that arise at trial, specifically

about when and if Dabin Trucking ceased operations, the Court does not find any sanctions against Dabin Trucking warranted at this juncture.

## III.   CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Plaintiffs' motion for sanctions, and will order that Defendant Saul is precluded from presenting any evidence or testimony at the time of trial that has not previously been disclosed in discovery.

An appropriate Order will follow.

Dated: December 21, 2016                    BY THE COURT:

                                            s/ Karoline Mehalchick
                                            _____
                                            KAROLINE MEHALCHICK
                                            United States Magistrate Judge